**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**BRUNSON ROBERTS**                                                                 **PETITIONER**
**ADC #127841**

**VS.**                          **CASE NO.: 5:14CV00044 JLH/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                      **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge J. Leon Holmes.  Mr. Roberts - or any party - may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Introduction</u>

Petitioner Brunson Roberts, an inmate in the Arkansas Department of Correction ("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2), alleging a miscalculation of his good-time credit.  For the following reasons, this petition should be summarily DISMISSED, with prejudice.

## III.   <u>Background</u>

Mr. Roberts is currently serving multiple sentences in the ADC as a habitual offender.  He has filed at least three previous habeas petitions concerning various aspects of his incarceration.  *Roberts v. Norris*, Case No. 5:06CV91 (E.D.Ark dismissed January 5, 2007); *Roberts v. Norris*, Case No. 5:07CV138 (E.D.Ark dismissed September 17, 2007); *Roberts v. Norris*, Case No. 5:09CV314 (E.D.Ark dismissed June 1, 2011).  In the pending petition, Mr. Roberts alleges a "denial of due process by denying [him] Act 363." (#2, p. 5)  Construing the petition liberally, it appears that Mr. Roberts claims an unconstitutional denial of credit for good conduct.  Because he does not have a liberty interest in his good conduct time, however, his claim fails.

**IV.    Discussion**

Mr. Roberts alleges that Act 363 of 2009, codified as Ark. Code Ann. § 16-93-611

and repealed in 2011, allowed him to retroactively earn good-time credit.[1]  (#2, p. 5) He

claims that "with all [his] good time restored," his Transfer Eligibility date is being

miscalculated.  (#2, p. 5)  It is not clear how, when, or even if, the alleged restoration of

good-time credit occurred.  It is equally confusing as to how restoration of good-time

credit would extend his transfer eligibility date.  But in any event, Mr. Roberts has no

constitutionally protected liberty interest in either the award or reduction of good time-

credits.  Thus, the issue of good-time credit is immaterial to the resolution of this petition.

In general, prisoners can have a liberty interest in avoiding the loss of good-time

credit that entitles them to some protection under the due process clause.  *Wolff v.*

*McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974).  That liberty interest, however, is a

creation of state law.  See *Sandlin v. Conner*, 515 U.S. 472, 477-484, 115 S.Ct. 2293

(1995)(holding that states may create liberty interests in good time credit protected by the

Due Process Clause).

The Supreme Court of Arkansas finds no liberty interest in the accumulation or

loss of good-time credits under Arkansas law.  *McKinnon v. Norris*, 366 Ark. 404, 231

S.W.3d 725 (2006);  *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008).  The reasoning is

---

[1] At least one of Mr. Roberts's previous unsuccessful habeas petitions challenged his loss of good time credit.  *Roberts v. Norris*, Case No. 5:09CV314 (E.D.Ark dismissed June 1, 2011).

that the accumulation and loss of good-time credit does not affect the length of a sentence, but rather, determines the location and conditions under which the sentence will be served. *McKinnon*, 231 S.W.3d at 729-730. Mr. Roberts implicitly illustrates this point by contesting the calculation of his Transfer Eligibility date, not his release date.

The Arkansas Supreme Court is primarily responsible for interpreting Arkansas law. The State's interpretation of the federal Constitution, and in this case the Due Process Clause of the Constitution, is not necessarily binding on a federal court. See *Baker v. Carr*, 369 U.S. 186, 211, 82 S.Ct. 691, 706 (1962) (Supreme Court of the United States is the "ultimate interpreter of the Constitution").

Both the Supreme Court of the United States and the Eighth Circuit Court of Appeals have found that inmates in Nebraska have a liberty interest in the loss of good-time credits under a statutory scheme similar to Arkansas's. See *Wolff*, 418 U.S. at 556-557 and *Louis v. Department of Correctional Services of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006). But unlike Nebraska's good-time statute, Arkansas's statute expressly provides that "good time will not be applied to reduce the length of a sentence." See Neb. Rev. Stat. § 83-1,107 and Ark. Code Ann. § 12-29-201(d). Instead of reducing the term of a prisoner's sentence, Arkansas's good-time statute reduces the time until the inmate is eligible for transfer, *i.e.* consideration for parole. And an inmate has no a liberty interest in the possibility of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).

There is clearly a difference between being in the free world under supervision (parole) and being confined in a prison 24-hours a day, seven days a week, even though in

4

both circumstances the inmate is serving his or her sentence. This stark difference is recognized by an inmate's liberty interest in the revocation of parole. But the Supreme Court has long noted the distinction between parole *release* and parole *revocation*. *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 99 S.Ct. 2100 (1979). The crucial difference is "between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Id*. at 9. Under Arkansas law, good-conduct time reduces the length of time until an inmate is eligible for parole, but it does not reduce the length of the sentence itself. See Ark. Code Ann. § 16-93-614 and Ark. Code Ann. § 12-29-201(d).

In sum, Mr. Roberts has a liberty interest in release at the expiration of his sentence; he does not have a liberty interest in the possibility of a conditional release prior to the expiration of his sentence. See *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011)(the federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence).

## V.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Roberts has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Roberts has not provided a basis for issuing a certificate of appealability. See *Smith v. Hobbs*, Case No. 5:13CV224, docket entry #13

(E.D.Ark. dismissed January 8, 2014)(Arkansas Supreme Court's decision in *McKinnon* forecloses a due process claim regarding revocation of good time credits).  Accordingly, a certificate of appealability should be denied.

**VI.**    **Conclusion**

The Court recommends that Mr. Roberts's petition for writ of habeas corpus be dismissed, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 26th day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE